UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EILEEN M. CLAFFEY
               Plaintiff,                       FIRST AMENDED COMPLAINT
                                                      Civ. No.: 07-CV-6430

v.

WEGMAN'S FOOD MARKETS. INC.

               Defendant
_____

## JURY TRIAL DEMANDED

### PRELIMINARY INTRODUCTION

1. This is an action to redress violation of the Family Medical Leave Act, ("FMLA") 29 U.S.C.S. § 2612 (a)(1), and for retaliation under the FMLA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000(e), 29 U.S.C. §§ 216 and 29 U.S.C. § 206.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Office. A Right to Sue Notice was issued by the Equal Employment Opportunity commission on July 16, 2007. Less than ninety (90) days have elapsed since the Plaintiff's receipt of that notice and her subsequent filing of the instant complaint on August 31, 2007. The original complaint is annexed herein as Exhibit "A." The Plaintiff has met all administrative prerequisites for bringing this action.

## PARTIES

5. Plaintiff is an individual female who at all tines relevant herein was a resident of the County of Monroe, State of New York.

6. Plaintiff was employed by the Defendant from March 2, 2002 to February 4, 2007, and has been employed by the defendant for more than one (1) year and had worked in excess of one thousand two hundred fifty (1,250) hours during the year preceding her termination.

7. Upon information and belief, Defendant is a corporation licensed to do business in the State of New York and is an employer for the purposes of application of the relevant statutes codes and laws set forth herein.

8. Defendant is engaged in an industry affecting commerce and employs over fifty (50) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

## FACTS

9. Plaintiff has been employed by the defendant for nearly five years as a full time accounting office coordinator between March 2, 2002 and February 4, 2007.

10. On or about November 16, 2006, Plaintiff began an intermittent FMLA leave of absence in order to care for a seriously ill child.

11. Defendant was aware that her leave would be on an intermittent basis.

12. The Plaintiff kept in constant communication with the employer in order to advise of her hours of availability.

13. Defendant failed to give Plaintiff any hours of work until February 4, 2007.

14. On February 4, 2007, Plaintiff was presented with a forty hour schedule, even though her FMLA leave was not up until February 17, 2007.

15. On February 7, 2007, Plaintiff submitted her resignation, citing defendant's refusal to schedule her are all and then expecting her to return to work soon that had been specified in her FMLA documentation.

### AS AND FOR A FIRST CAUSE OF ACTION
**Violation & Interference with Plaintiff's Rights under the FMLA**

16. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

17. Defendant interfered with Plaintiff's rights under the FMLA.

18. Plaintiff gave defendant notice for the request for intermittent leave to care for her daughter on November 16, 2007. Not only did defendant refuse to schedule Plaintiff for any work during the time period of November 16, 2006 through February 4, 2007, defendant attempted to schedule Plaintiff for a full 40 hour week before her FMLA leave was exhausted.

19. The defendant used the taking of the FMLA by the Plaintiff as a negative factor in the employment action of denying to schedule Plaintiff for work for nearly three months after Plaintiff gave notice of her intent to take leave under the FMLA to care for her daughter.

20. Defendant's violations of the FMLA and the regulations which implement it constitute "interfering with" restraining and denying the exercise of Plaintiff's rights provided by the FMLA. "Interfering with" includes manipulation by a covered employee such as the Plaintiff to avoid responsibilities under the FMLA.

**AS AND FOR A SECOND CAUSE OF ACTION**

**Retaliation under the FMLA**

21. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

22. Plaintiff engaged in protected activity when she in good faith requested leave under the Family Medical Leave Act  Plaintiff was constructively discharged in retaliation for her requests for leave under the Family Medical Leave Act.  That the constructive discharge of the Plaintiff by the defendant was casually related in that temporally, Plaintiff was constructively discharged less than three months after she had given notice of his intent to take intermittent FMLA leave.

23. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

24. As a further and proximate result of Defendant's violations of the FMLA Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and each of them, and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff.  Plaintiff requests that attorney fees be awarded.

**WHEREFORE**, Plaintiff prays that judgement be entered in her favor and against Defendants in accordance with the above stated.

DATED: September 5, 2007
          Rochester, New York

                                        /s/ Christina A. Agola, Esq.
                                        _____
                                        Christina A. Agola, Esq.
                                        Attorney for Plaintiff
                                        730 First Federal Plaza
                                        28 East Main Street
                                        Rochester, New York 14614
                                        585.262.3320
                                        585.262.3325